UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:11-CR-00034-1-JRG |
| | ) |
| DERRICK TAYLOR | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Derrick Taylor's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10 [Doc. 54] and the United States' Response in Opposition [Doc. 60]. For the reasons herein, the Court will deny the motion.

### I. BACKGROUND

In 2011, Mr. Taylor pleaded guilty to possession with the intent to distribute twenty-eight grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). [Plea Agreement, Doc. 18, at 1]. The Court sentenced him to 144 months' imprisonment. [J., Doc. 51, at 2]. Acting pro se, Mr. Taylor now moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10, based on his "post-sentencing rehabilitation programing." [Def.'s Mot. at 6]. The United States opposes his motion. Having carefully reviewed the parties' arguments, the Court is now prepared to rule on Mr. Taylor's motion.

### II. LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal quotation omitted). Congress enacted one of those exception in § 3582(c)(2), which states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In short, a prisoner will be eligible for a reduction under § 3582(c)(2) if he satisfies two requirements.

First, the prisoner must have "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Taylor*, 815 F.3d 248, 250 (6th Cir. 2016) (quoting *id.*). Second, a reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Taylor*, 815 F.3d at 250 (quoting § 3582(c)(2)). USSG § 1B1.10 contains the Sentencing Commission's policy statements. *See* USSG § 1B1.10(a)(1) (stating that a reduction "shall be consistent with this policy statement").

In determining whether a reduction is consistent with USSG § 1B1.10, the Court first calculates "by what amount" a prisoner's sentence "may be reduced." 28 U.S.C. § 994(u); *see Dillon v. United States*, 560 U.S. 817, 826–27 (2010). In doing so, it identifies the amended guidelines range and it substitutes this guidelines range for the original guidelines range. *Dillon*, 560 U.S. at 827; USSG § 1B1.10(b)(1). A prisoner generally is not entitled to receive a reduction below the minimum of the amended guideline range. USSG § 1B1.10(b)(2)(A).

If a reduction is consistent with USSG § 1B1.10, the Court must then shift its attention to any applicable factors under 18 U.S.C. § 3553(a), as well as to public-safety factors, to determine—in its discretion—whether a reduction "is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827; *see United States v. Curry*, 606

2

F.3d 323, 330 (6th Cir. 2010) ("[T]he district court *may* reduce a previously imposed sentence if [the] statutory requirements . . . are met. Section 3582 does not create a *right* to a reduced sentence, however." (citing USSG. § 1B1.10 cmt. background)); *see also* USSG § 1B1.10 cmt. n.1(B)(i) (stating that courts "shall consider the factors set forth in 18 U.S.C. § 3553(a)"); USSG § 1B1.10 cmt. n.1(B)(ii)–(iii) (stating that courts "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and "may consider post-sentencing conduct of the defendant").

### III. ANALYSIS

Mr. Taylor maintains that the Court has "the discretion to grant downward departures based on post-conviction, post-sentencing rehabilitation efforts," [Def.'s Mot. at 1], and in this vein, he contends that he is entitled to a sentence reduction because he "has completed several Adult Education Classes," "has been infraction free from March 2015 to March 2019," and "has complied to the court's recommendation to attend drug programs and RDAP 500 hours," [*id.* at 6].[1] Mr. Taylor is correct in asserting that this Court may consider his post-sentencing conduct in determining whether he is entitled to a reduction under § 3582(c)(2). *See* USSG § 1B1.10 cmt. n.1(B)(iii) (providing that courts "may consider post-sentencing conduct of the defendant").

But a defendant's post-sentencing conduct is germane to a review of § 3553(a)'s factors. *See United States v. Allen*, 956 F.3d 355, 358 (6th Cir. 2020) ("[C]ourts may consider post-sentencing conduct in assessing the § 3553(a) factors when considering whether to adjust a previously imposed sentence." (citing *Pepper v. United States*, 562 U.S. 476, 487–93 (2011))). And as the Court has made clear up to this point, it does not come to a review of § 3553(a)'s

---

[1] Mr. Taylor has filed several exhibits in which he details his rehabilitative efforts, including letters, certificates, transcripts, and work history.

factors unless a defendant first shows that (1) the Sentencing Commission has lowered his sentencing range by way of an amendment to the Sentencing Guidelines and (2) a sentence reduction is consistent the Sentencing Commission's policy statements. *See Dillon*, 560 U.S. at 826 (stating that § 3582(c)(2) "authorizes a reduction [based] on [§ 3553(a)'s factors] *only* 'if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission'" (emphasis added)); *see also United States v. Hereford*, No. 1:02–cr–201, 2009 WL 1098105, at *2 (E.D. Tenn. Apr. 23, 2009) ("Section 3582(c)(2) is strictly limited to situations where a sentencing range has been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) based on an amendment adopted by the Sentencing Commission, and the policy statements issued by the Sentencing Commission in U.S.S.G. § 1B1.10(c) make its amendment retroactive.")

Mr. Taylor has made neither of these showings, and has not even attempted to do so. Instead, he confines his request for reduction to a discussion of § 3553(a)'s factors. *See* [Def.'s Mot. at 2–6]; *see also* [United States' Resp. at 1 (pointing out that "Taylor does not rely upon any retroactively applicable Guidelines amendment" and contending that "[r]ehabilitative efforts provide no independent basis for this Court to reduce Taylor's sentence")]. The Court applauds Mr. Taylor's rehabilitative efforts and accomplishments—they will serve him well in the future. But his reliance on his rehabilitative efforts alone is insufficient to justify a sentence reduction under § 3582(c)(2). *See United States v. Stiff*, 407 Fed. App'x. 896, 899 (6th Cir. 2011) (stating that § 3582(c)(2) "gives courts limited authority to alter a sentence if, and only if, an amendment to the Guidelines lowered the applicable sentencing range").

## IV. CONCLUSION

Mr. Taylor fails to show that he is entitled to a sentence reduction under § 3582(c)(2), and his Motion for Sentence Reduction Pursuant to § 3582(c)(2) and USSG § 1B1.10 [Doc. 54] is therefore **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE